4/20/2011 – ELECTRONIC ENDORSEMENT GRANTING DEFENDANT ORTIZ'S MOTION FOR PROTECTIVE ORDER (Dkt. #55).

The issues here have been more than adequately briefed. (Dkts. ##55, 59-60; see also Dkts. ##56-57). Except for this outstanding issue, all discovery was completed by April 1, 2011; this motion was filed two days before that deadline. (Dkts. ##52, 55).

As addressed in the briefs, on March 28, 2011, plaintiff noticed the second deposition of defendant Francisco Ortiz, for April 1, 2011, the first deposition having been held on March 11, 2011 without defendant Ortiz having had an opportunity to review more than 200 pages obtained by a FOIA request to defendant City of New Haven; at that time, plaintiff's counsel represented that he would not seek a second deposition of defendant Ortiz except with respect to internal investigations of defendant Dennis O'Connell, as to which defense counsel objected. (Dkt. #55, Brief, at 2-5 & Exh. A).

Defendant Ortiz objects to this second deposition as it seeks only to re-hash testimony previously obtained at last month's deposition, in that defendant Ortiz testified that he has no specific recollection of internal investigations of defendant O'Connell or an incident related to Dramese Fair (Dkt. #55, Brief, at 5-8 & Exh. A). Defendant Ortiz also argues that plaintiff failed to obtain leave of court to redepose defendant Ortiz, as required by FED. R. CIV. P. 30(a)(2). (Dkt. #55, Brief, at 8-9). In his brief in opposition, plaintiff contends that documents were withheld by defense counsel. (Dkt. #58, at 1-3).

As defense counsel appropriately has argued in her reply brief, defendant Ortiz is no longer employed by defendant City of New Haven and thus no longer has access to police records maintained by the city. (Dkt. #59, at 2). Moreover, as defendant Ortiz points out (id. at 3-4), the law is well settled in the Second Circuit and in this district that discovery regarding a defendant police officer's disciplinary history is "limited" to "complaints, whether substantiated or not, about conduct similar to the conduct alleged in the complaint." Session v. Rodriguez, No. 3:03 CV 943 (AWT), 2008 WL 2338123, at *2 (D. Conn. June 4, 2008)(Martinez, M.J.)(multiple citations omitted); Dickinson v. Mesham, No. 3:05 CV 1093 (WWE), 2006 WL 1600961, at *1-2 (D. Conn. June 5, 2006).

Plaintiff would only be able to inquire of defendant Ortiz if the matter concerning Dramese Fair was "similar to the conduct alleged in the complaint." Fair's complaint against defendant O'Connell concerned a strip search. (Dkt. #55, Brief, Exh. A, at 64-65, 76-77; see also Fair v. City of New Haven, 08 CV 693 (CSH), Dkt. #1)). Fair's complaint is not "similar" to the conduct alleged in this lawsuit. (See Dkt. #23). Therefore, defendant Ortiz's Expedited Motion for Protective Order (Dkt. #55) is hereby granted.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within**

1

**fourteen calendar days after service of same);** Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 20008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit).**